IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARFIELD DAVIS,**

                **Plaintiff,**

     v.                                CASE NO. 08-3150-SAC

**LEROY GREEN, the WYANDOTTE COUNTY SHERIFF,**

                **Defendant.**

**O R D E R**

This matter is before the court on a civil complaint filed pro se under 42 U.S.C. § 1983 by a prisoner confined in the Wyandotte County Detention Center in Kansas City, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff seeks declaratory judgment and damages on allegations that his present confinement violates his constitutional rights. Plaintiff's allegations essentially repeat those in the habeas corpus action he recently filed which is currently pending before this court. *See* <u>Davis v. Sheriff of Wyandotte County</u>, Case No. 08-3122-SAC. Although plaintiff's complaint names only the Wyandotte County Sheriff as a defendant, he nonetheless specifies the damages being sought from other entities and individuals.

Court records establish that plaintiff is subject to the "three strike" provision in 28 U.S.C. § 1915 that reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

>occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

In the present case, plaintiff makes no showing that would satisfy the "imminent danger" exception to this "three strike" provision, and thus must pay the full $350.00 district court filing fee to proceed in this matter.

Accordingly, pursuant to 28 U.S.C. § 1915(g) the court denies plaintiff's motion for leave to proceed in forma pauperis. If the $350.00 district court filing fee is not paid within the time granted herein, the court will dismiss the complaint without prejudice.[1]

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied, and that plaintiff is granted twenty (20) days to pay the full $350.00 district court filing fee to avoid dismissal of the complaint without prejudice.

---

[1] Plaintiff attached to his complaint a document titled "Notice of Appeal Attached" which the court liberally construes as plaintiff's intent to appeal if plaintiff is not allowed to file his complaint pursuant to application of 28 U.S.C. § 1915(g). Plaintiff may initiate such an appeal by filing a notice of appeal *after* entry of a court order. See Fed.R.App.P. 4(a)(2).

In the attachment, plaintiff argues the retroactive application of the statutory "three strike" provision in § 1915(g) violates the Ex Post Facto clause. Plaintiff is advised that the Tenth Circuit Court of Appeals has decided plaintiff's retroactivity claim to the contrary. See Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996)(holding retroactivity concerns not raised by counting "prior occasion" under § 1915(g) where filing of complaint as well as district court dismissal occurred prior to PLRA enactment).

**IT IS SO ORDERED.**

DATED:   This 24th day of June 2008 at Topeka, Kansas.


                              s/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge